Chad S. Pehrson (12622)
PARR, BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Phone: 801-532-7840
Fax: 801-532-7750
cpehrson@parrbrown.com

*Attorneys for APG Financial, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>Travis W. Green,<br>        Debtor,<br>    and<br><br>Christina Gibson-Green,<br>        Joint Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Chapter 13<br><br>Case No. 14-32955<br><br>Judge Joel T. Marker |

APG Financial, Inc. ("APG"), by and through undersigned counsel, respectfully moves for relief from stay in the above-captioned matter.

**STATEMENT OF FACTS**

1. On or about July 12, 2014, Travis W. Green and Christina Gibson-Green ("Debtors" entered into a Motor Vehicle Lease Agreement (hereinafter "the Lease Agreement")

1

pertaining to a 2008 Dodge Avenger (VIN # 1B3LC56R08N683146) (the "Vehicle").

The Lease Agreement is attached to this Motion as Exhibit "A."

2. The Vehicle is owned by APG. The title of the vehicle, noting that the Greens are merely lessees, is attached as Exhibit "B."

3. Under the Lease Agreement, Debtor agreed to make bi-weekly lease payments of $190. [*See* Ex. A, p.1.]

4. On or about December 10, 2014, Debtor filed a voluntary petition for relief under Chapter 13 of the United State Bankruptcy Code

5. At the time the Petition was filed, the Lease Agreement was not in breach.

6. However, post-petition, on December 20, 2014, Debtor did not make a payment due and owing as required under the Lease Agreement.

7. Debtor only has possessory rights to the Vehicle provided that the Lease Agreement is not in breach. [*See* Ex. A, p.1.]

8. Because Debtor has not made required payments under the Lease Agreement, she is no longer entitled to possession of the Vehicle. The Lease Agreement specifies that a failure to make payments as required is a default, and that APG's remedy for default is to terminate the lessee's rights to use the vehicle by legal process or self-help. [*See* Ex. A, p.3.]

9. The Debtors' bankruptcy filings identified the Vehicle as a leased vehicle.

10. Debtors are using the vehicle, but have failed to provide APG Financial with adequate payments for the use of the Vehicle.

11. On December 29, 2014, Counsel for APG contacted Debtor's counsel regarding this situation; Debtor's counsel failed to respond in any way.

12. Between December 20, 2014 and December 29, 2014, APG attempted to contact Debtors on multiple occasions and was unsuccessful.

**ARGUMENT**

APG Financial is entitled to relief for cause from the automatic stay pursuant to 11 U.S.C. § 362. Numerous grounds exist for relief from the stay, including 1) to prevent irreparable harm and loss or damage to this creditor's property; 2) the Debtors do not own the Vehicle; and 3) the breach of the Lease Agreement occurred post-petition, and APG has obvious and unchallengeable rights to the Vehicle.

First, with the automatic stay in effect, APG Financial is being irreparably harmed in that the Vehicle is being used by the Debtors without any compensation for the use and depreciation, and possibly without the Vehicle being insured against loss, damage or destruction. The Debtors have not responded to numerous attempts to contact and inquire about her intentions and the state of the Vehicle. [SOF ¶ 11-12.]

Second, the Debtors and hence the Estate only has possessory rights to the Vehicle pursuant to the Lease Agreement. Yet the Lease Agreement has been breached due to non-payment. [SOF ¶ 6.] The Lease Agreement specifically states that lessee is "in default on this Lease" if lessee "fail[s] to make a payment as required by the Lease." [Ex. A, p. 3.] When the Lease agreement is in default, APG's remedies include termination of the lease and rights to use the Vehicle, and taking back the Vehicle "by legal process or self help." [Ex. A, p. 3.]

Third, the breach of the Lease Agreement occurred post-petition. The Vehicle belongs to APG and APG has the right to immediately repossess the Vehicle. [SOF ¶¶ 6-8.]

Typically, an order granting this request is stayed until the expiration of 14 days after the entry of the order, unless the Court orders otherwise. *See* Rule 4001(a)(3). Under Local Rule 4001-1, "Requests for waiver or reduction of the automatic 14-day stay of an order granting a motion for relief from stay shall set forth concisely but with specificity the basis for the proposed waiver or reduction of the 14-day stay." Here, the Debtors are not paying for the Vehicle that is currently in their possession. APG has not been able to confirm that Debtors are carrying insurance on the Vehicle, as required both under the lease agreement and under state law. In APG's experience, when a lessee stops making lease payments, the lessee often also has allowed state-required insurance to lapse. For these reasons, allowing Debtors to retain the Vehicle for an additional 14-days poses a risk to public safety, and thus APG requests that the Court waive the 14-day stay.

WHEREFORE, APG requests the following relief:

1. That the automatic stay of 11 U.S.C. § 362(a), be terminated pursuant to 11 U.S.C. § 362(d);

2. That any order entered pursuant to this motion be effective immediately upon its entry, thereby waiving the stay imposed by Rule 4001(a)(3), because of the serious risk of loss of the Vehicle as well as the likelihood that the Debtors have not kept up legally required insurance on the Vehicle as is frequently the case when a lease agreement has entered default;

4

3. That APG have such further relief as the Court deems just and equitable.

DATED:       January 5, 2014

                              **PARR BROWN GEE & LOVELESS**


                              By: /s Chad S. Pehrson
                                 Chad S. Pehrson
                                 *Attorneys for APG Financial, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 5th day of January 2015, by the Court's CM/ECF electronic transmission or by United States mail on the following:

Sarah L. Matthews (CM/ECF)

Kevin R. Anderson, trustee (CM/ECF)

United States Trustee (CM/ECF)

Travis W. Green (US MAIL)
5040 Niagra Cir.
Salt Lake City, UT 84118

Christina Gibson-Green (US MAIL)
5040 Niagra Cir.
Salt Lake City, UT 84118

America First Credit Union (US MAIL)
P.O. Box 9199
Attn: Collections
Ogden, UT 84409-9983

Bonneville Billing and Collections (US MAIL)
America First Credit Union
P.O. Box 150621
Ogden, UT 84415-0621

Amsurg SLC Anesthesia (US MAIL)
c/o Fox Collection Center J
PO Box 528
Goodlettsville, TN 37070

Credit One Bank (US MAIL)
PO Box 98873
Las Vegas, NV 89193-8873

6

Dr. Louis Mizell, MD (US MAIL)
c/o NAR (North American Recovery)
1600 West 2200 South, #410
West Valley City, UT 84119

Dr. Carmela Javellana, MD (US MAIL)
c/o Express Recovery
PO Box 26415
Salt Lake City, UT 84126-0415

Edwin B. Parry, Law Office (US MAIL)
PO Box 25727
Salt Lake City, UT 84125-0727

Enhanced Recovery Services (US MAIL)
8014 Bayberry Rd J
Jacksonville, FL 32256

EOS CCA (US MAIL)
700 Longwater Drive J
Norwell, MA 02061

EOS CCA (US MAIL)
PO Box 981008
Boston, MA 02298

EPN, Inc (E Partner Net) (US MAIL)
746 East 1910 South
Suite 4
Provo, UT 84606

Granger Medical (US MAIL)
Billing Office
PO Box 70658
West Valley City, UT 84170-0658

Outsource Receivable (US MAIL)
P.O. Box 166
Ogden, UT 84402-0166

Outsource Receivable (US MAIL)
372 24th Street Suite 300
Ogden, UT 84401-1438

Jordan Valley Medical Center (US MAIL)
3580 West 9000 South J
West Jordan, UT 84088

Mountain Land Collections (US MAIL)
PO Box 1280
Jordan Valley Medical Center
American Fork, UT 84003

Knight Adjustment Bureau (US MAIL)
404 East 4500 South
Suite A-34
Salt Lake City, UT 84107-2710

Mountain Land Collections (US MAIL)
PO Box 1280 J
American Fork, UT 84003

Questar Gas Company (US MAIL)
Attn: Bankruptcy· DNR 244 J
P.O. Box 3194
Salt Lake City, UT 84110-3194

Rocky Mountain Power (US MAIL)
PO Box 25308
Salt Lake City, UT 84125-0308

SST (Systems & Srvs Technologies, Inc) (US MAIL)
4315 Pickett Road
PO Box 3999
Saint Joseph, MO 64503-0999

/s/ Chad S. Pehrson